UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| CESAR AYLLON-FLORES,<br><br>        Plaintiff,<br><br>              v.<br><br>PETER D. STANLEY and NANCY R. STANLEY,<br><br>        Defendants. | )<br>)  C. A. NO.:  1-06-cv-140<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

1. No response required.

2. Admitted upon information and belief.

3. Responses to paragraphs one and two are hereby incorporated by reference.

4. Without sufficient information to admit or deny.

5. Responses to paragraphs one through four are hereby incorporated by reference.

6. Admitted that on or about July 15, 2005, the Plaintiff, Cesar Ayllon-Flores, working as an independent contractor, met Defendant, Peter Stanley, at a job site in Hockessin, Delaware and assisted in a paving job.

7. Denied.

8. Responses to paragraphs one through seven are hereby incorporated by reference.

9. Denied in its entirety including subparts a through g.

10. Admitted upon information and belief. .

11. Responses to paragraphs one though ten are hereby incorporated by reference.

12. Admitted upon information and belief.

13. Admitted upon information and belief

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Responses to paragraphs one through seventeen are hereby incorporated by reference.

19. Without sufficient information to admit or deny.

20. Without sufficient information to admit or deny.

21. Without sufficient information to admit or deny.

22. Without sufficient information to admit or deny.

23. Without sufficient information to admit or deny.

24. Without sufficient information to admit or deny.

## FIRST AFFIRMATIVE DEFENSE

25. Plaintiff's Complaint fails to state a claim upon which relief may be granted against Answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

26. Damages and losses, if any, sustained by the Plaintiff, were caused soley or in part by the negligence of the Plaintiff which contributory or comparative negligence bars or limits Plaintiff's recovery.

## THIRD AFFIRMATIVE DEFENSE

27. Answering Defendants never breached any duty owed to Plaintiff, if any existed, and never failed to maintain any standards, obligations or responsibility in so far as any duty to do so ever existed.

## FORTH AFFIRMATIVE DEFENSE

28.     The injured Plaintiff failed to keep a proper lookout.

## FIFTH AFFIRMATIVE DEFENSE

29.     To the extent that Plaintiff's negligence is determined to be greater than fifty percent of the total percentage of fault, then that negligence bars any recovery.  In the event that Plaintiff's negligence is fifty percent or less, the recovery must be reduced by the percentage of fault attributed to the Plaintiff.

WHEREFORE, Answering Defendants, hereby demand that Plaintiff's Complaint against them be dismissed and that judgment be entered in their favor and against the Plaintiff with an award of costs.


  /s/ Stacey L. Bonvetti
**Stacey L. Bonvetti, Esquire (I.D. #4074)**
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713-4301
(302) 292-6660
bonvets@nationwide.com
Attorney for Defendants

Date:  June 6, 2006

## CERTIFICATION OF SERVICE

I, **Stacey L. Bonvetti, Esquire**, hereby certify that a true and correct copy or copies of the foregoing document(s):

**Answer**

were electronically transmitted on June 6, 2006, to:

Arthur M. Krawitz, Esquire
Matthew R. Fogg, Esquire
Doroshow, Pasquale, Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, DE 19805
Attorneys for Plaintiff

　　/s/ Stacey L. Bonvetti
Stacey L. Bonvetti, Esquire (I.D. #4074)
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713-4301
(302) 292-6660
bonvets@nationwide.com
Attorney for Defendants

F:\2006\06nk00151\Answer.doc